UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAHESH REINHOLDSON, et al., CIVIL NO. 01-1650 (RHK/JMM)

Plaintiffs,

v. ORDER

STATE OF MINNESOTA, et al.,

Defendants.

The above matter came on before the undersigned on October 25, 2001 upon a Pretrial Conference held by telephone. Judith A. Gran, Esq. appeared on behalf of Plaintiffs;[1] Martha J. Casserly, Esq. appeared on behalf of Defendants State of Minnesota, Minnesota Department of Children, Families and Learning, and Christine A. Jax; Steven G. Andersen, Esq. appeared on behalf of all other Defendants. At the conference, a sequence for allowing Plaintiff to serve a Second Amended Complaint, and for the Defendants to respond, was agreed upon and established.

IT IS HEREBY ORDERED as follows:

1. All pending Motions [Docket Nos. 4, 5, 6, 8 and 11] are withdrawn without prejudice.

2. Plaintiff may serve and file a Second Amended Complaint no later than November 1, 2001.

3. No later than November 16, 2001, Defendants shall either Answer the Second Amended Complaint, or deliver and file Motions to Dismiss, supported as required by Local Rule 7.1(b)(2)(A).

---

1 The records of the Clerk of Court do not reflect that Ms. Gran has been admitted to practice in this Court. See Local Rule 83.5.

FILED OCT 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

4. If a Motion to Dismiss is filed, no later than November 30, 2001, Plaintiff shall file its Response, supported as required by Local Rule 7.1(b)(2)(B).

5. Defendants may file a Reply no later than December 7, 2001, in accordance with Local Rule 7.1(b)(2)(C).

6. Oral argument will be held before the undersigned on December 12, 2001 at 2:00 p.m. in Courtroom 628B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated: October 26, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Defendants filed a Motion to Dismiss in response to Plaintiff's Complaint. Plaintiff then filed a First Amended Complaint.[2] The Motion to Dismiss was referred to this Court for a Report and Recommendation to the District Court, pursuant to the provisions of 28 U.S.C. § 636(b). In the Order, the District Court directed that this Court also consider whether the First Amended Complaint complied with Rule 8(a) of the Federal Rules of Civil Procedure. See In re Buffets, Inc., 906 F. Supp. 1293 (D. Minn. 1995). At the request of counsel for the parties, this Court held a pretrial conference to establish a sequence to fairly present the issues raised by Motion.

---

2 Rule 15(a) provides that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). A motion to dismiss for failure to state a claim, brought pursuant to Rule 12(b)(6) is not a "responsive pleading" for purposes of Rule 15(a). Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir. 1995); Lockhart v. Cedar Rapids Community Sch. Dist., 963 F. Supp. 805, 810 (N.D. Iowa, 1997).

The Court determined that it would first permit Plaintiff to consider whether further amendment to the Complaint was desired, taking into consideration the issues raised by the Defendants' Motions to Dismiss, and the issues concerning compliance with Rule 8 of the Federal Rules of Civil Procedure. If Motions to Dismiss were then deemed appropriate, they would be directed at the Second Amended Complaint. Pending Motions are withdrawn without prejudice, in order to permit compliance with the sequence here ordered and agreed upon by the parties.

Ordinarily, a pleading dismissed pursuant to Rule 12 should be dismissed without prejudice. Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995); Huelsman v. Civic Center Corp., 873 F.2d 1171, 1176 (8th Cir. 1989). Dismissal with prejudice should be used sparingly because it is a drastic sanction. Omaha Indian Tribe v. Tract I--Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.), cert. denied, 502 U.S. 942 (1991); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971). "An action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" Omaha Indian Tribe, 933 F.2d at 1468 (quoting Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1983)). Where a plaintiff has had a full opportunity to amend the Complaint prior to consideration of the Motion to Dismiss, and elects to stand on the pleading challenged, there are reasons why the Court would not afford an additional opportunity to amend, but rather would dismiss with prejudice. See e.g. Cygnus Therapeutic Systems v. ALZA Corp., 1995 WL 312093 (N.D. Cal. May 17, 1995) (unpublished op.) (defendant's motion to dismiss granted with prejudice where plaintiff "has already had one opportunity to amend its complaint"), aff'd, 92 F.3d 1153 (Fed. Cir. 1996); Veal v. Memorial Hospital of Washington County,

894 F. Supp. 448 (M.D. Ga. 1995) (plaintiff would not be allowed to amend her complaint where plaintiff had already had an opportunity to amend her complaint).

J.M.M.