UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAHESH REINHOLDSON;
SARAH PACHL, a minor, by her parents, Kevin and Suzanne Pachl;
AARON TESKE, by his mother and legal guardian, Kristi Sandford;
MATTHEW MCKINNEY, a minor, by his mother, Tammy Emery;
ZETH ERDMAN, a minor, by his parents, Dawn and Greg Erdman;
QUINTON ERDMAN, a minor, by his parents, Dawn and Greg Erdman;
ELI SAMUELSON, a minor, by his mother, Kelly Sunderlin;
JOSHUA RENOLLETT, a minor, by his parents, Patricia and Daniel Renollett; and
VICTOR GRANT, a minor, by his mother, Kelly Sunderlin;

Plaintiffs,

CIVIL NO. 01-1650 (RHK/JMM)

v.

REPORT AND RECOMMENDATION

STATE OF MINNESOTA;
MINNESOTA DEPARTMENT OF CHILDREN, FAMILIES AND LEARNING;
CHRISTINE A. JAX, in her representative capacity as Commissioner of the Minnesota Department of Children, Families and Learning;
SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT NO. 11;
ANOKA-HENNEPIN, (ISD 11);
TOM HEIDEMANN, DAN COOK, DENISE DITTRICH, MICHAEL SULLIVAN, SCOTT WENZEL, JERRY NEWTON, each in their representative capacity;
ROGER GIXOUD, Superintendent, in his representative capacity; and
SUSAN J. BUTLER, Special Education Director, in her representative and individual capacities;

Defendants.

JAN 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The above matter came on for hearing before the undersigned on December 12, 2001 upon Defendants ISD No. 11, Roger Giroux and Susan Butler's Motion to Dismiss [Docket No. 19] and State Defendants' Motion to Dismiss [Docket No. 23]. Judith A. Gran, Esq. and Sonja D. Kerr, Esq. appeared on behalf of Plaintiffs; Martha J. Casserly, Esq. appeared on behalf of the State of Minnesota; Paul C. Ratwik, Esq. and Mark J. Girouard, Esq. appeared on behalf of the other Defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

We conclude that the Second Amended Complaint does not comply with Rule 8 or Rule 10(b) of the Federal Rules of Civil Procedure. We recommend that the Motions to Dismiss the Second Amended Complaint be granted, without prejudice to the right of any Plaintiff to serve and file a new Complaint which complies in all respects with the Federal Rules of Civil Procedure, and particularly Rules 8, 10(b) and 11 thereof.

**FINDINGS OF FACT/REPORT**

Plaintiffs filed their initial Complaint on September 6, 2001, and Defendants moved to dismiss it. In response, on October 18, 2001, Plaintiffs filed an Amended Complaint [Docket No. 10]. On October 24, 2001, the Motion to Dismiss was referred to this Court for a Report and Recommendation to the District Court [Docket No. 13]. The Order of reference to this Court directed that we consider whether the Complaint "complies with Rule 8(a)'s requirement that the Complaint shall contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

By Order dated October 26, 2001, Plaintiffs were allowed to put their allegations in final form in a Second Amended Complaint, without prejudice to any of the claims or defenses of the Parties [Docket No. 14]. This had the effect of allowing Plaintiffs

to attempt to cure the pleading deficiencies which had been alleged, and clarified that the Motions to Dismiss would be directed at the Second Amended Complaint. Plaintiffs' Second Amended Complaint may be found at Docket No. 16, filed on November 1, 2001.[1] Thereafter the Defendants filed their Motions to Dismiss which are presently before the Court. [Docket Nos. 19 and 23].

## I. PLEADING STANDARDS

Rule 8(a)(2) requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) requires that "each averment of a pleading shall be simple, concise, and direct." After oral argument, the Court permitted the Parties to provide legal memoranda as to whether the Second Amended Complaint complies with the provisions of Rule 10(b) which require that "each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count."

The Second Amended Complaint does not comply with either Rule 8 or Rule 10(b). It contains 40 pages, 103 paragraphs, and numerous redundant allegations. Extreme length alone, of course, will not always constitute a violation of Rule 8. It is true, as Plaintiffs argue, that a Complaint may not always be dismissed "merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading." Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). In contrast to the Complaint at issue in Davis, we are unable to find a "core of proper pleading" buried

1

Counsel for Plaintiffs were apparently confused by the October 26, 2001 Order of this Court [Docket No. 14] which permitted them to serve and file a Second Amended Complaint, so in response they served a Motion captioned "Motion to Accept Second Amended Complaint." [Docket No. 16] They attached the Second Amended Complaint to that Motion. An Order dated November 2, 2001 [Docket No. 18] permitted the filing of the Second Amended Complaint.

somewhere in the Second Amended Complaint. Plaintiffs overlook the additional suggestion of the Court in Davis:

> "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable. . . .. Such a complaint fails to give the Defendant the notice to which he is entitled. Dismissal followed by the filing of a new complaint may actually be a better response than ordering the Plaintiff to file a more definite statement of his claim."

Davis, 269 F.3d. at 820.

The Supreme Court has noted the practical importance of "sharpening and limiting the issues" in the pleading stages, to facilitate resolution at the final stage. O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 338 U.S. 384 at 392 (1949). See also Gonzales v. Wing, 167 F.R.D. 352 (S.D.N.Y. 1996). One commentator has noted: "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 Wright and Miller Federal Practice and Procedure, § 1281, p. 522. As the Davis court noted more bluntly in an earlier opinion: "Judges are not like pigs, hunting for truffles buried in briefs [or Complaints]." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

Rule 8 is intended to permit the Court and all parties to be clearly aware of all of the claims which are presented by the Complaint. At oral argument, Plaintiffs sought to excuse their undecipherable pleading by suggesting that "Defendants know what we are complaining about." This statement is not correct factually, as is evident from a review of the pleadings submitted by Defendants. In any event, a Complaint must be sufficiently clear to insure that this Court and all succeeding courts which review the matter have an identical understanding of the claims being made, and that the Parties' characterization of

the allegations in the Complaint will not change depending upon circumstance and point of view.

One of the difficulties in this case is that the Second Amended Complaint fails to articulate which Plaintiff is suing which Defendant for what cause of action. These failures are compounded by the fact that there are not only multiple Defendants, there are multiple Plaintiffs. To make matters even more difficult to understand, after 93 paragraphs of assorted allegations, the Second Amended Complaint then commences a section captioned "Claims," following which it asserts "Count I. Individuals with Disabilities Education Act" (paragraphs 94 through 102) and "Count II. Rehabilitation Act." (Paragraph 103). In these paragraphs, Plaintiffs and Defendants are referred to in the plural, with no distinction as to which Plaintiff makes what claim against which Defendant.

> "[I]n order to state a claim for relief, actions brought against multiple defendants must clearly specify the claims with which each particular Defendant is charged. In particular, the requirements of Rule 10(b) that all separate averments or claims founded on separate transactions or occurrences are to be set out in individually numbered paragraphs, must be strictly complied with, or the pleadings will be found defective."

5 Wright and Miller Federal Practice and Procedure, § 1248, pp. 314-315. See also Academic Travel Abroad, Inc. v. Kupper, 54 F.R.D. 576, 577 (E.D. Wis. 1972)(claims should be stated separately, rather than "intermingled and confused"); Barnard v. Penn. Range Boiler Co., 32 F.R.D. 58, 59 (E.D. Pa. 1962)("haphazard intermingling of negligence allegations with breach of warranty claims" not within "spirit and intent" of Rule 10(b)); Mathews v. Kilroe, 170 F. Supp. 416, 417 (S.D.N.Y. 1959)("the complaint should, at a minimum, indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants. To do less than this is to cause an injustice to persons who are named as defendants in an action.")

## II. REVIEW OF THE SECOND AMENDED COMPLAINT

Based upon a review of Plaintiffs' Second Amended Complaint, and assertions made at oral argument, it appears to us that the causes of action which Plaintiffs wish to assert, and the Parties to those actions, may be as follows.

### A. Appeals under the IDEA: Individual Plaintiffs vs. ISD No. 11

Paragraphs 4 through 60 of the Second Amended Complaint appear to seek to present several separate claims under the IDEA, improperly joined together in a single Complaint. The Plaintiff in each of these individual actions would appear to be as follows: Paragraphs 4 through 9, Mahesh Reinholdson; Paragraphs 10 through 16, Sarah Pachl; Paragraphs 17-22, Kristi Sandford; Paragraphs 23-28, Matthew McKinney; Paragraphs 29-40, Zeth Erdman and Quinton Erdman; Paragraphs 41-49, Elijah Samuelson; Paragraphs 50-55, Victor Grant; and Paragraphs 56-60, Joshua Renollett. The appropriate Defendant in such actions would be the School District.[2]

Defendants point out that there are separate defenses to the Complaints of each of these Plaintiffs. For example, Plaintiff Pachl appears to have another action pending in this Court raising the same issues, captioned ISD No. 11 v. Pachl, Civil File No. 01-342 (SRN); Plaintiffs Sandford, McKinney, Sundilin, Samuelson and Renollett appear to have already resolved their claims under the IDEA; other Plaintiffs may not have exhausted their administrative remedies. Defendants correctly point out that these Plaintiffs should not have joined their claims together in a single Complaint in the first place, or the Court should issue an Order separating them under Rule 21 in order that

---

2

Plaintiffs identify this Defendant as "School Board of Independent School District No. 11; Anoka-Hennepin, (ISD 11)" and the individuals who were members of the School Board at the time the action was commenced.

these individual cases may be correctly pleaded and considered.[3]

We add our own view that by presenting these individual cases in a single Complaint, and joining them with purported class action allegations, counsel for Plaintiffs utilize a procedure which will undoubtedly serve to delay a resolution of the individual claims. If the student is in fact wrongfully being denied a Free Appropriate Public Education, it is desirable that the decision be made promptly, in order that any required adjustments may be implemented in the students' Individualized Education Plans.

## B. Class Action Allegations

### 1. Parties

The allegations against the various Defendants are to be found in various paragraphs and sub-paragraphs of the Second Amended Complaint. The allegations against "ISD 11" are in paragraphs 68(a), (b), (c), (d), (e), and (f); 70, 71, 72, 74, 76, 77, 78, 79, 81 and 82. The allegations against Minnesota Department of Children, Families and Learning are in paragraphs 68(g), (h) and (I); 80, 85, 89, 90, 91 and 93. It is not possible to ascertain which allegations are made against any of the other Defendants.

### 2. Generally

The allegations as to membership in the "class" of Plaintiffs are to be found in paragraph 66 of the Second Amended Complaint: "The class consists of at least 5,000 special education students currently enrolled in the Anoka-Hennepin School District, ISD 11."

The allegations have generally to do with whether the procedures of the School District are those which are required by the IDEA and the Rehabilitation Act,

---

[3] Separate Complaints also serve to facilitate the use of the procedures under Rule 11(c)(1)(A) where appropriate.

whether the training of personnel is adequate, and whether the training of hearing officers is adequate. Defendants assert that this requested relief is general in nature, and that courts do not have jurisdiction to consider such claims.

The Prayer for Relief is at pages 39 and 40 of the Second Amended Complaint.[4] The nature of the relief sought also raises questions as to the power of the

---

[4] The Prayer for Relief reads as follows:

> "WHEREFORE, the plaintiffs respectfully request the court to order the following relief:
>
> 1. Preliminarily and permanently enjoin defendants to develop and implement policies and procedures for conducting IEP team meetings and developing IEP's including ensuring that plaintiffs and class members have prompt and accurate notification of procedural safeguards under the IDEA.
>
> 2. Preliminarily and permanently enjoin defendants to afford children with disabilities in the ISD 11 and their parents with the procedural safeguards required by Section 1415 of the IDEA.
>
> 3. Preliminarily and permanently enjoin defendants to carry out a program of comprehensive personnel development to train regular and special education personnel in promising educational practices to meet the needs of students in the ISD 11.
>
> 4. Preliminarily and permanently enjoin defendants to insure that plaintiffs and class members receive special education in a regular classroom to the maximum extent appropriate, and that removal of plaintiffs and class members from the regular classroom occurs only when education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.
>
> 5. Preliminarily and permanently enjoin defendants to insure that plaintiffs and class members receive prompt notification of procedural safeguards pursuant to Section 504, cease and desist any retaliatory tactics and award such other relief as the court deems appropriate for individual plaintiffs and members of the class, including monetary damages.
>
> 6. Preliminarily and permanently enjoin defendants to submit a plan for court approval that specifies the program of comprehensive personnel development that will carry out, and the monitoring and enforcement activities they will conduct, to insure that students with disabilities in ISD 11

Court to grant such relief. To the extent that the Court is asked to require any Defendant to do that which is required by existing law, it would run afoul of the principles announced in Daniels v. Woodbury County, Iowa, 742 F.2d 1128, 1134 (8th Cir.1984): "[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough" (citing Meyer v. Brown & Root Const. Co., 661 F.2d 369, 373 (5th Cir.1981) ("A general injunction which in essence orders a defendant to obey the law is not permitted."))

There are additional problems with the lack of clarity in the Injunction prayed for. Rule 65(d) of the Federal Rules of Civil Procedure "is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed, to avoid the possible founding of contempt citations on an order that is too vague to be understood, and to ascertain that the appellate court knows precisely what it is reviewing." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 669 (8th Cir.1987). The requirement of specificity also serves an additional purpose, which takes on added significance under the facts of this case. If each Plaintiff were more specific about what relief they want, and which Defendant they want that relief from, it could be learned whether there is in reality a genuine dispute.

By phrasing their demands in such vague terms, it is not even possible to ascertain whether the specific objectives of any Plaintiff are opposed by any Defendant. This point may be best illustrated by colloquy at oral argument, in which counsel for Plaintiffs insisted that a student (or parent) could appeal from a decision of the School

---

receive a free appropriate public education in the most integrated setting appropriate to their needs.

7. Award such other relief as the court deems appropriate, including compensatory education, tuition reimbursement, damages and attorneys fees and costs for individual plaintiffs and members of the class."

District which failed to provide a desired component of an Individualized Education Plan ("IEP"), even if the School District had not been made aware of the demand, and had not been given an opportunity to either provide it or explain why they would not provide it. This approach works to create the appearance of controversy where none in fact exists, and is inconsistent with the procedures of the IDEA.[5] Worse, it serves to delay or deny benefits to a student. The biblical injunction "you have not because you ask not" makes the common-sense point that the first step in getting what you want is to say what it is that you want to the person from whom you want it.

## III. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE

The Complaint now before the Court for review is the third effort by Plaintiffs to comply with the Rules of this Court. Even after Defendants made their Motions to Dismiss, Plaintiffs were afforded an opportunity to further amend, to meet the objections which had been made to the adequacy of the Complaint. When the Plaintiffs were afforded this opportunity, they were expressly warned that if their Second Amended Complaint did not comply with the Rules of this Court, it could be dismissed with prejudice.[6]

---

5

See Independent School District No. 432 v. J.H., 8 F. Supp.2d 1166 at 1171-1172 (D. Minn.1998) for a description of the IDEA process for securing benefits.

6

We stated: "Where a plaintiff has had a full opportunity to amend the Complaint prior to consideration of the Motion to Dismiss, and elects to stand on the pleading challenged, there are reasons why the Court would not afford an additional opportunity to amend, but rather would dismiss with prejudice. See e.g. Cygnus Therapeutic Systems v. ALZA Corp., 1995 WL 312093 (N.D. Cal. May 17, 1995) (unpublished op.) (defendant's motion to dismiss granted with prejudice where plaintiff "has already had one opportunity to amend its complaint"), aff'd, 92 F.3d 1153 (Fed. Cir. 1996); Veal v. Memorial Hospital of Washington County, 894 F. Supp. 448 (M.D. Ga. 1995) (plaintiff would not be allowed to amend her complaint where plaintiff had already had an opportunity to amend her complaint)." Order, 10/26/01 [Docket No. 14].

Under all of these circumstances, it would not be inappropriate for the District Court to dismiss the Second Amended Complaint on the merits and with prejudice. Parties and their counsel may not be permitted an infinite number of attempts to comply with the Rules of this Court. Moreover, Defendants have offered many substantive reasons why the Second Amended Complaint should be dismissed on the merits. Notwithstanding these factors, and the fact that Defendants have shown a strong possibility that claims in the Second Amended Complaint would be subject to dismissal or summary judgment if Plaintiffs persist in presenting them again, we recommend that the dismissal of the Second Amended Complaint be without prejudice.

We are reluctant to recommend dismissal with prejudice in this case, since it appears that counsel for Plaintiffs are not sophisticated in the litigation process, and for the other reasons noted. While it is possible, as Defendants fear, that one or more of the Plaintiffs will again serve a Complaint which is not warranted, we do not make the assumption that they will do so, since they are bound by the duties set forth, inter alia, in Rule 11 of the Federal Rules of Civil Procedure, and are subject to the sanctions of that Rule if they violate it. We simply conclude that the Second Amended Complaint, in its present form, is too confusing to warrant a determination on the merits of any of the claims which may or may not be asserted therein.[7]

Dismissal without prejudice will serve the benefits noted in In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 at 1298 (D. Minn. 1995):

---

[7] Indeed, if the Second Amended Complaint were dismissed with prejudice, it would be extraordinarily difficult for a future court to ascertain just what claims were barred by the res judicata effect of that Judgment - another reason for concluding that the Second Amended Complaint does not comply with Rules 8 and 10(b).

> "By complying with the requirements of Rule 8, it is likely that a Complaint will also comply with [Rule 10(b)]. Where the allegations are clear, the parties themselves may ascertain whether discovery requests are reasonably related to the issues in the litigation, thus reducing the risk of costly disputes about discovery issues. After the close of discovery, clear pleadings enable the parties to focus the issues for presentation of motions for summary judgment or trial. Finally, the wide latitude afforded by notice pleading is balanced by requiring restraint by attorneys in presenting only those allegations that the attorney believes are proper and supported by law and the facts. Requiring clarity in pleadings serves to enhance the self-policing features embodied in Rule 11, since it then may more easily be seen whether the requirements of Rule 11 have been met.
>
> ***
>
> "[Plaintiffs' Second Amended Complaint] should be dismissed, not just because it does not say enough, but because it says too much. Instead of clearly stating the basis for each of the elements of their claim, Plaintiffs engage in lengthy narrative that serves to conceal rather than reveal.
>
> "We know well that a fallacy that would be obvious to all in a three-line syllogism may deceive the elect in 400 pages of crowded fact and argument . . . . I think it is a useful exercise for any of us . . . to reduce any book of whose conclusions we are doubtful into a set of formal syllogisms and lay bare the bones of the argument.--Josiah Stamp."
>
> "By dismissing the Consolidated Complaint, this Court can require Plaintiffs themselves to 'lay bare the bones of their argument.' See Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964); Hartz v. Friedman, 919 F.2d 469, 470 (7th Cir. 1990); Johnson v. Hunger, 266 F. Supp. 590, 591 (S.D.N.Y. 1967)."

This recommendation is without prejudice to the right of Defendants to seek Dismissal With Prejudice from the District Court, in the event Plaintiffs appeal from this Report and Recommendation. Now that Plaintiffs have had three opportunities to Amend their Complaint, and a Report and Recommendation has issued concluding that the Complaint does not comply with the Rules of Civil Procedure, it could easily be argued that they must either acquiesce and accept their fourth opportunity to properly plead any valid

claims, or to stand on the Second Amended Complaint and appeal to the District Court, with the result that if the District Court concludes that dismissal is warranted, it should be dismissed with prejudice. If a party may always have an opportunity to submit a new complaint after an earlier version is dismissed on procedural grounds, that party will have little incentive voluntarily to comply with pleading requirements, and there will be no end to proceedings on Motions to Dismiss, subjecting courts and the parties to unnecessary additional burden and expense. See In re Buffets, 906 F. Supp. at 1301.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the Second Amended Complaint be Dismissed, without prejudice to the right of any Plaintiff to serve and file a new Complaint which complies in all respects with the Federal Rules of Civil Procedure, and particularly Rules 8, 10(b) and 11 thereof.

Dated: January 18, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 4, 2002 written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before February 4, 2002.